Plaintiff instituted this suit by filing the following petition:
"The petition of Ben F. O'Neal, who is a resident of Shreveport, Caddo Parish, Louisiana, with respect, represents:
"1. That Albert L. Alexander, who is a resident of Shreveport, Caddo Parish, Louisiana, is justly and truly indebted unto petitioner in the full sum of $658.75, with legal interest thereon from March 1, 1939, until paid, for this to-wit:
"2. That prior to December 1, 1937, the defendant herein was the owner of the following described property, to-wit:
"A tract of land in the City of Shreveport, described as beginning at a point on the East side of Centenary Boulevard, 341.25 feet North of intersection of the East line of said Boulevard with the center line of Olive Street (if projected easterly), thence run northerly along the East line of Centenary Boulevard 328.75 feet, thence easterly at right angle 89 degrees, 50 minutes, 656.25 feet, thence southerly at an angle of 90 degrees, 10 minutes, 640 feet, thence westerly at an angle 89 degrees, 50 minutes, 451 feet, thence northerly at an angle of 90 degrees, 10 minutes, 311.25 feet, thence westerly 205.25 to the beginning.
"3. That on or about the date of December 1, 1937, the said defendant employed petitioner to sell the above described property for him; that no amount of commission was stipulated between the parties, but petitioner is a duly qualified real estate agent and broker in the City of Shreveport, Louisiana, and it was implied between plaintiff and defendant that the usual and ordinary commission for such sales would be paid by the defendant to the plaintiff.
"4. That petitioner interested one M.F. Fooshee, of Dallas, Texas, and his associates, who contemplated forming a corporation for the purpose of developing the property.
"5. That petitioner informed the defendant that the said M.F. Fooshee and his associates were prospects and likewise informed the said M.F. Fooshee and associates that the defendant was the owner of the property; that the said prospects came to Shreveport in August, 1938, while petitioner was out of the City and attempted to get in touch with the defendant through the employees of the plaintiff, but before the employees had had an opportunity to arrange an interview between the said prospects and the said defendant, they, themselves, made contact with each other.
"6. That thereafter the defendant herein rejected the further service of petitioner and entered into an agreement direct with the prospects which petitioner had procured and interested in the property and who had been sold upon its advantages by petitioner.
"7. That in accordance with the plan which was in the minds of the prospects, they formed a corporation known as `Alexandrine Courts, Inc.,' and on or about February 28, 1939, defendant herein sold to the said corporation the property hereinabove described, for a consideration of $16,350.00; all as will appear from the Conveyance Records of Caddo Parish.
"8. Petitioner shows that it was solely through his service that the promoters of Alexandrine Courts, Inc., were interested in the property and it was through petitioner's efforts that the said sale was made, and he is, therefore, entitled to compensation from the defendant.
"9. He shows that the customary commission in the City of Shreveport is 5% upon the first ten thousand dollars and 2 and 1/2% upon the remainder, and that therefore defendant is indebted unto petitioner in the said sum of $658.75.
"10. Petitioner shows in the alternative, that if it should be held that he is not entitled to the usual and customary commission paid under such circumstances in the City of Shreveport, that then and in that event he has performed a valuable service for the plaintiff and he is entitled to be paid upon a quantum meruit and that a reasonable compensation for the service performed is the said $658.75.
"11. He alleges amicable demand in vain.
"Wherefore, he prays for service upon Albert L. Alexander, in the manner provided by law; that after legal delays and due proceedings, he have judgment in his favor and against said defendant, in the full sum of $658.75, together with legal interest thereon from March 1, 1939, until paid.
"Prays for all orders necessary, for costs and general and equitable relief." *Page 813 
Defendant filed exceptions of no cause and no right of action.
The lower court sustained the exception of no cause of action and dismissed plaintiff's suit. He is now prosecuting this appeal from that judgment.
For the purpose of determining the exception of no cause of action, all of the well pleaded facts are to be taken as true.
Plaintiff has alleged that he is a licensed real estate broker; that he was employed as such by the defendant to sell certain property owned by him; that he secured a prospect and was the sole means of bringing the defendant and the prospective buyer together; that it was after he had been the means of bringing defendant and the prospective buyer together that defendant discharged him and prevented him from further participation in the transaction.
Assuming these facts to be true, as we must for the purpose of the exception, the plaintiff is entitled to a commission.
We are not at this time concerned with the question of whether or not plaintiff can establish by proper evidence the allegations of his petition.
The judgment of the lower court is incorrect and is now reversed; the exception of no cause of action is overruled and the case remanded to be tried on its merits. Cost of appeal to be paid by appellee and all other costs to await the final determination of the case.